THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. GAETANO NAPOLITANO, PLAINTIFF IN ERROR.

Submitted December 6, 1920—Decided February 28, 1921.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"The writ in this case brings up for review the conviction of Napolitano on two counts of an indictment, one of which charges him with killing two heifers, the property of one Goldblatt, with intent to steal the carcasses; and the other charging him with stealing the heifers. Five grounds of reversal have been argued before us, three of which are directed at the charge of the court to the jury; the other two attacking rulings of the court upon the admission of evidence.

"Taking up the criticisms upon the charge to the jury in the order in which they were argued by counsel:

"(1) 'You should consider, also, the evidence in regard to * * * sale of two of three hides the next morning by the defendant.' The contention is that this part of the instruction contained an injurious misstatement of fact, for the reason that the uncontradicted testimony showed that these hides were sold by the defendant four days after the alleged killing of the heifers, and not the day after. It is true that what the court said upon this matter was contrary to the fact as proved, but it does not seem to us that the time of the sale was material. Counsel asserts that it was, but gives no reason in support of this assertion. The case comes up under the one hundred and thirty-sixth section of the Criminal Procedure act, the defendant relying entirely upon the causes of reversal filed under the authority of the following section. Under section 136, in order to justify a reversal because of any mistake or error appearing in the charge of the court, it must be shown that the plaintiff in error suffered manifest wrong or injury. We are unable to see that any such result followed from the misstatement of fact as to the date of the sale of the hides, and, therefore, decline to reverse the conviction upon this ground.

"(2) The next contention is that the court improperly charged the jury with reference to defendant's alibi. No general exception was taken to the charge. The only specific exception under which this contention can possibly be justified is the following: 'I take a further exception on the ground that your honor charged the jury that if they believed that the defendant was there and stole the cattle they should find him guilty, on the ground that in order to find the defendant guilty they must be convinced of the fact beyond a reasonable doubt.' It is hardly necessary to point out that the instruction just recited has no bearing upon the effect to be given to the defendant's testimony introduced to prove an alibi. So far as the assertion that the instruction was improper because it permitted the jury to find the defendant guilty without being first convinced of the fact beyond a reasonable doubt, it is enough to say that the court had already charged the jury that the burden of proof was on

the state to convince them beyond a reasonable doubt that the defendant was guilty. Having done this he proceeded to define the term 'reasonable doubt,' and there is no suggestion that the definition was not correct. The plaintiff in error can take nothing under this ground of reversal.

"(3) Next, it is said that the court erred in the following instruction: 'You, gentlemen, are the sole judges of the facts in the case, and you must consider them and give them such weight as you think proper and make your findings from the evidence. * * * You should consider that a knife proved to have belonged to the defendant was found at the place of the killing, as well as the hat and the eyeglasses of his assistant; also the evidence in regard to the rope which was found tied to the third heifer, and which the evidence showed belonged to the defendant.' No argument is made in support of the alleged impropriety of the instruction except the mere statement that the matters referred to as having been proved were matters which were in dispute. In other words, that, although they were proved by the testimony offered on behalf of the state, they were denied by the defendant. We do not think the criticism justified. There was testimony which, if believed, proved the facts referred to in the instruction; but whether that testimony was to be accepted or not was properly left by the trial court to the jury. There is no suggestion in the instruction that the facts were *conclusively* proved.

"Taking up the rulings on testimony: It is asserted that the court improperly permitted one of the state's witnesses, Jacob Goldblatt, to testify with reference to meat found in the defendant's store the morning after the killing of the heifers. No argument is made in support of this assertion, and for this reason we have given the matter no consideration.

"Lastly, it is said that the trial judge erred in permitting the state to prove in rebuttal matters which ought to have been proved upon its main case. Assuming the soundness of the contention, which is hardly justified by the proofs in the case, this ground of reversal may be disposed of by saying

that whether the testimony should be received, after the defence had closed, was a matter resting entirely in the discretion of the trial court, and we cannot say that this discretion was abused, or that the defendant suffered manifest wrong and injury in its exercise.

"The conviction under review will be affirmed."

For the plaintiff in error, *Harold A. Price* and *Charles A. Rathbun.*

For the defendant in error, *John M. Mills,* prosecutor of the pleas.

PER CURIAM.

The judgment under review should be affirmed, for the reasons expressed in the opinion of the Supreme Court.

*For affirmance*—THE CHANCELLOR, SWAYZE, TRENCHARD, PARKER, BERGEN, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ. 12.

*For reversal*—None.